# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JOSE ROBERTO LAINES, a/k/a "EL VIEJON," et al.,** <br><br> Defendants. | Case No. 7:15-CR-18 (HL) |

## ORDER

Before the Court is the Government's unopposed Motion to Declare Case Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B), Extend Deadlines in the Standard Pretrial Order, and Continue Trial (Doc. 293) as well as the parties' Joint Motion for Continuance and Extension of the Speedy Trial Act Deadline (Doc. 362). For the following reasons, the Court grants each of these motions. The Court finds as moot the individual motions to continue trial of this matter filed by Defendants Maria Mercado, a/k/a "Marisol" (Doc. 355); Jose Trujillo, a/k/a "El Gordo" (Doc. 353); Evelyn Patricia Yanes, a/k/a "Patty" (Doc. 354; Gloria Isabel Reyes, a/k/a Estella Reyes, a/k/a "Dona Gloria" (Doc. 359); and Milton Ivan Dominguez (Doc. 360).

The Government moves this Court for an order certifying the case as complex under 18 U.S.C. § 3161(h)(7)(B)(ii). The Speedy Trial Act outlines a defendant's right to a speedy trial. 18 U.S.C. § 3161. Certain types of delays are sufficiently important to be excluded from the speedy trial computation. Section

3161(h)(7)(A) excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In making its decision, the district court may be guided by several factors, including whether denying the continuance "would be likely to make a continuation of such proceedings impossible, or result in a miscarriage of justice" or whether the case is so unusual or complex that the parties could not adequately prepare for trial within the requisite time period. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). Finding that a case is "complex" thus is merely a factor permitting the Court to grant a continuance beyond the time limits set by the Speedy Trial Act.

The Court finds this case sufficiently complex to warrant a delay in the time limits set forth in the Speedy Trial Act. On October 13, 2015, a federal grand jury returned a fifteen page, five count indictment charging 38 defendants with engaging in an extensive sex trafficking conspiracy and a conspiracy to travel in interstate commerce for the purposes of prostitution as well as substantive counts of facilitating the business of prostitution, all in violation of 18 U.S.C. §§ 371, 1591, 1594, and 2421. The indictment follows a Title II investigation that began in August 2014 and involved the joint efforts of numerous state and

federal agencies, including United States Immigration and Homeland Security Investigations, the Federal Bureau of Investigations, Savannah Chatham Metropolitan Police Department, Savannah State University Police Department, Chatham Narcotics Team, Colquitt County Sheriff's Office, Pierce County Sheriff's Office, CBP AMO, ICE Enforcement and Removal Operations, Coast Guard Investigative Service, and others. The alleged underlying events transpired not only within the Middle District of Georgia, Valdosta Division, but also in other parts of Georgia, Florida, South Carolina, North Carolina, Alabama, Mississippi, Louisiana, and Texas. As of this date, 27 of the 38 Defendants have made their initial appearances in this District.[1] The Government estimates that trial of this matter will require at a minimum four weeks.

A number of other factors in addition to the large number of Defendants and investigative agencies involved impact the overall complexity of this case. First, the majority of the named Defendants do not speak English as their first language, meaning that defense counsel will require the assistance of interpreters to review discovery and to prepare their individual clients for trial. Second, the Government estimates that discovery in this case will include in

---

[1] Defendants Antonio Flores Esparza, a/k/a "Tonio," Germania Guzman Cruz, a/k/a "Deborah," and Mauro Lira, a/k/a "Chino," have been arrested but have not yet made their first appearance in this District. Defendant Martha Cecilia Bustos Tovar has been arrested and is scheduled to appear before a United States Magistrate Judge on January 5, 2016.

excess of 25 gigabytes of information, including documents, audio recordings, and video recordings, much of which is in a language other than English.

The Government requests that this case be removed from the Court's January 2016 trial calendar. The Government further asks the Court to permit an additional 90 days to produce discovery and to extend the deadlines for the filing of pretrial motions.

After consideration of the factors set forth in the Government's motion, the Court finds that satisfactory circumstances exist to warrant declaring this case complex. The Government's motion is, therefore, granted. The Court further grants the Government's request for additional time in which to provide discovery to Defendants. The Government shall have 90 days from the date of this Order in which to turn over all discovery in an appropriate format. The Court cautions the Government that it fully expects the Government to attend to this task within the time allotted. In the absence of some providential cause, the Court will grant no further extension in this regard.

Counsel for all parties shall appear for a status conference on Wednesday, February 24, 2016. At that time, the Court will address all relevant deadlines as well as a trial schedule.

The Court also grants the parties' joint motion for continuance. This case shall be continued from the Court's January 2016 trial calendar and shall be

specially set for a time and date to be determined. Any delay occasioned by the continuance shall be deemed excusable delay pursuant to 18 U.S.C. § 3161(h).

The Court finds that the ends of justice served by the granting of this continuance outweigh the best interests of the public and Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court further finds that failure to grant such continuance could result in a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i); that the case is so complex due to the number of defendants and the nature of the prosecution that counsel cannot reasonably complete adequate preparations for pretrial proceedings and for trial within the speedy trial limits, 18 U.S.C. § 3161(h)(7)(B)(ii); and that failure to grant such continuance would deny counsel for Defendants and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

**SO ORDERED** this 5th day of January, 2016.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks